UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LYNDA DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Cass County Circuit Court |
| | ) | No.: 21CA-CC00102 |
| C.R. ENGLAND, INC. and | ) | |
| MICHELLE WADE, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**DEFENDANTS C.R. ENGLAND, INC. AND MICHELLE WADE'S
NOTICE OF REMOVAL**

Defendants C.R. England, Inc. and Michelle Wade, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice for the Removal of the above-entitled action to the United States District Court for the Western District of Missouri, Western Division, and in support thereof state as follows:

**A. Venue is proper in the United States District Court for the Western District of Missouri, Western Division**

1. The above-entitled action was filed by Plaintiff in Cass County, Missouri as Case No. 21CA-CC00102 on May 5, 2021.

2. Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Western District of Missouri, Western Division, because Cass County, Missouri is within the Western District of Missouri, Western Division.

**B. The Procedural Requirements for Removal are Satisfied**

3. Defendant Michelle Wade was served with the Summons and Complaint on or about October 7, 2021, and Defendant C.R. England, Inc. was served with the Summons and

Complaint on or about October 23, 2021. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1).

4. Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Cass County Clerk of Court pursuant to 28 U.S.C. §1446(d).

5. Copies of all known process and pleadings are filed contemporaneously with this Notice of Removal in accordance with 28 U.S.C. §1446(a). *See* Exhibit A.

### C. There is Diversity Among The Parties

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a), and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2), because there is complete diversity of citizenship between all parties.

7. Plaintiff Lynda Daniel was, at the time of the commencement of this action, and have been ever since, an individual domiciled in Springfield, Greene County, Missouri and is a citizen of Missouri.

8. Defendant C.R. England, Inc. is a Utah corporation in good standing with its principal place of business in Salt Lake City, Utah, at both the time of the commencement of this action and at the time of this removal.

9. Defendant Michelle Wade was, at the time of the commencement of this action, and have been ever since, an individual domiciled in Canton, Ohio and is a citizen of Ohio.

### D. Consent of Served Defendants

10. 28 U.S.C. §1146(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

11. Defendants C.R. England, Inc. and Michelle Wade consent to the removal of this action.

E. **The Amount in Controversy Exceeds $75,000**

12. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

13. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

14. Under Missouri Supreme Court Rule 55.05, a plaintiff alleging a tort claim is not permitted to plead a specific dollar amount, except to determine jurisdiction. *Carlyon v. Counts*, 4:16 CV 776 CDP, 2016 WL 3753704, at *1 (E.D. Mo. July 14, 2016).

15. "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *See e.g. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

16. Here, Plaintiff Lynda Daniel alleges in her First Amended Complaint that she was allegedly struck by a tractor-trailer at highway speed and that she:

- Was transported by ambulance to Research Medical Center from the accident scene;
- Has been caused to suffer "severe personal injuries";

- Has been caused to incur substantial medical care and treatment expenses to obtain the necessary care and treatment for her injuries, and will be required to incur further expenses for additional care and treatment in the future; and
- Has suffered damages for the pain, suffering, emotional distress, mental anguish and loss of enjoyment of life, lost wages, and all other damages allowed under Missouri law.

(*See* Exhibit A)

17. In light of these allegations, a good faith estimate of the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is not legally certain that the amount in controversy is less than $75,000.

18. Further, "[w]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirements [28 U.S.C. §1367] does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in [28 U.S.C. §1332(a)]." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005).

**WHEREFORE**, Defendants C.R. England, Inc. and Michelle Wade remove this case to the United States District Court for the Western District of Missouri and hereby request that the filing of this Notice of Removal shall effect the removal of said civil action to this Court.

|  |  |
|---|---|
|  | */s/ Kevin L. Fritz* |
|  | Kevin L. Fritz #41638 |
|  | Daniel K. Mannion #50627 |
|  | LASHLY & BAER, P.C. |
|  | 714 Locust Street |
|  | St. Louis, MO 63101-1699 |
|  | (314) 621-2939 – Telephone |
|  | (314) 621-6844 – Facsimile |
|  | klfritz@lashlybaer.com |
|  | dmannion@lashlybaer.com |
|  |  |
|  | Attorneys for Defendants C.R. England, Inc. and Michelle Wade |

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that on November 5, 2021, the foregoing was filed electronically with the Clerk of the Court to be served upon: Chad Lucas, Andrew Tremonti, Kohlman & Lucas, LLC, 4700 Belleview Avenue, Suite 300, Kansas City, MO 64112, chad@kuhlmanlucas.com, andrew@kuhlmanlucas.com; and Christopher Benjamin, KC Road Lawyers, 218 NE Tudor Road, Lee's Summit, MO 64086, chris@kcroadlawyers.com, Attorneys for Plaintiff.

                                                  */s/ Kevin L. Fritz*